and we are ready to hear our third case United States versus Fifield. Good morning. We're ready to hear from the appellant. Good morning. I plead the court Jake Rochebeau for the appellant John Fifield. No one who gets a mere traffic ticket says they've just been arrested. That's because the ordinary meaning of the word arrest does not include traffic stops. An interpretation confirmed by consensus circuit courts. Here it's undisputed that there was no arrest between Mr. Fifield's traffic citations for driving without proof of insurance. Accordingly, it was plain error to count Mr. Fifield's traffic citations separately. Do we need to supplement the record in order to find that it's plain error? In terms of whether you can take judicial notice of traffic tickets that I've attached? Yeah, I mean if we're gonna argue it was plain error, it was plain to the district court, aren't we limited to the record before the district court? So as a general matter, as an appellate court, this court is always limited to the record. That is not a principle that's unique to the plain error context and this in this court, you know, of course hasn't limited that to the plain error context. But this court can take judicial notice. That's the general exception to the general rule. But that gets around the very point that Judge McHugh is making, that we are limited to the record. If we start pushing things into the record now on appeal that the district court never saw or never knew of, how are we still in a position of being a court of review? Well, it's this court can take judicial notice that that is that's that's a given. Yes, exactly. That is a given. This court can take judicial notice and the documents showing that Mr Fifield got a traffic citation is a fact that is not reasonable. But can we take judicial notice of documents that were not before the district court and thereby conclude that the district court committed plain error? Yes, your honor. There is. There is one case. What case do you have that tells us that? Well, I don't have a case that specifically says, um, that, uh, well, as a matter of this court does do it all the time. I mean, on plain error, like in the in the categorical approach context, the violent felony controlled substance offense context, this court looks at state court documents similar to the ones that Mr Fifield is attached here. Um, they look at the records of conviction. This court looks at records of conviction all the time to find, uh, plain air, um, in order to determine, uh, which, you know, which specific, uh, subsection of a statute somebody was convicted of. Um, and let me interrupt. If we if we disagree with you and we think that in determining whether the court plainly aired here, we're limited to what was before the court. Um, when making the sentencing decision, can you still satisfy plain error? Well, admittedly, it's a much tougher sell. But I do think there are logical conclusion from looking at the pre sentence report is not that Mr Fifield was arrested for traffic violations. First of all, as a matter of common sense, people are not arrested for traffic citations. As you're in court noted, excuse me, but doesn't the pre sentence report itself say that he was arrested? So not in as clear terms of the government presents in its brief. It doesn't say on this date, Mr Fifield was arrested for this traffic offense. What it does is it's included in Mr Fifield. Like every PSR looks essentially the same. It has a criminal history section where it calculates a criminal history score, and it organizes the council. I'm familiar with that. Question is, didn't it show on the pre sentence report that he was arrested? There are dates in the column that says date of arrest. Yes, that much is true. But I still don't think that the most logical and most reasonable interpretation when looking at the chart is that Mr because there are four traffic citations that Mr included in Mr Fifield's criminal history. It defies common sense to think that Mr Fifield was arrested four times for traffic offenses. Well, if it's such an easy thing to spot and defies common sense, why doesn't the defendant object? I mean, he was there because what was missed was not the factual. Well, there was no reason to object because again, because the necessary implication is not that he was actually arrested. And again, we are in play. There's a very good reason to score. There was a great reason to object. You're right. But what was overlooked here was not the fact that he was arrested or whether he was cited. Uh, what was most likely overlooked was the was the legal, um, issue that I presented for appeal is whether a intervening traffic citation counts as an intervening arrest for the purpose of the single sentence rule. Um, that's most likely what was overlooked, not not the factual matter, which again is why I feel was in fact cited in any event. Well, even even even if you're right, even if you're right and all of these things should have been seen and we can look at them now and justice was not done before the district court. Um, does it matter in this case? Because it appears when you look at this district court sentencing decision that it was not tying itself at all to the sentence. I don't think it's adequate. He's not done well with the prior sentences that has been that have been given him. And I am going to make my own decision based on his past history and everything else before me. And and so all of this discussion about computation of the guidelines really goes by the boards, doesn't it? No, Your Honor. The district court expressly said that, but the third prong of plane air is presumptively satisfied where there is an incorrect guidelines calculation. Uh, unless the district court makes clear that the guidelines are not a factor or even under a correct calculation of the guidelines, it would still impose the same sentence. Uh, so so, for example, if they say, well, there's some dispute as to whether this enhancement applies if the range is this or the range is this. Either way, I'm imposing this sentence. That did not happen here. In fact, the district court expressly said that the guidelines are one factor. He did not. Uh, he said for the main reason that he didn't vary all the way down from the guideline range to the sentence that the parties had agreed upon, which was 60 months was because the last sentence of 60 months, uh, wasn't effective. But that's not to say that, therefore, I mean, he didn't impose a that were the case, then, then, yes, there'd be no more. There's no room to go. He posed a sentence of 72. So that's not to say that there's not a reasonable probability that had the guidelines been lower, he would have varied lower, say, from 72 to 68 or 64 or I mean, every month matters. Um, so no, he did not categorically say that 60 months or 72 months is the sentence regardless of the guidelines. In fact, said the guidelines do matter. Council. Let me ask you this question. Can you point me to any case that you might have where the defendant prevailed on plane error when the district court didn't even know that those were the facts to constitute there? Well, so it happens again regularly in the categorical approach context. Um, cases, the defendant has to come forward with shepherd documents to prove that there was playing air. Um, so, you know, if there's a lot of times, there's no objection to a prior conviction that say a controlled substance offense. Um, so take, for example, the United States versus can't to there. There was no objection that the defendant's prior sentence for drug distribution out of Oklahoma was a controlled substance offense was counted as a controlled substance. No objection on appeal. Um, defense argued that this was, uh, that the Oklahoma drug schedules were overbroad. Um, and therefore, you know, and compared the hundreds of drug schedules, uh, in Oklahoma or the hundreds of drugs in Oklahoma to the hundreds of drugs that are controlled in federally did a match and showed that this specific provision was overbroad and then had to look to the shepherd documents presented for the first time on appeal on plain air to prove that, in fact, he was convicted under this specific sub subsection that was overbroad. That none of that are none of that legal argument. None of that factual argument was presented to the district court. Yet this court still said that there was playing air because the question is not is the district court. That's you know, the district court of back to to respond to. Are they to blame? That's not the right question. The question is, when presented with the law and evidence, is this court in a position to say that there is an error here and here? The fact that he was merely given a traffic citation is undisputed. The government has never disputed it. This court can take judicial notice of that fact, and the law is clear based on the plain meaning of the guideline and a does as used in the guidelines does not include traffic citations. But that's the error question, right? I mean, even if we agree with you that there is error, we have to also conclude that it's playing, meaning that it should have been playing to the district court. No, you're on. That's that's That's not the right perspective of looking at it because the question isn't whether it should have been obvious to the made that clear. For example, when the law changes on appeal, the district court, even when there is controlling precedent, saying that at the time the district court considered it, they absolutely made the right decision. Then if the law changes on appeal, we say there is plain air because the question is not whether there was error at the time. It's whether this court now knows that there was a plain air as often and often in those situations. So we and the Supreme Court play this word game that well, we've always said this, but actually, the law was always as we're now saying it was, right? Yeah. Well, no, we're not. That's even even when Yeah, sometimes that happens. We say, you know, it's the law is just being clarified. But even when there's control, it's always always said that. Yeah. But even when there is controlling precedent that says the district court made the right decision at the time and then the law changes on appeal, it's still considered plain air because it expressly the Supreme Court has expressly said the question is not whether the error was plain at the time. It's whether the air was playing on appeal. Aziz, the Supreme Court said in Henderson versus United States, where they specifically address this issue of plainness at the time of the appeal versus in the district court. When there's a change in the law, I didn't cite in my briefs, but I can file a 28 J letter. Um, they specifically said the plane. You please file that letter. Yes, go ahead. Um, they specifically said that plain error review is not a grading system for trial judges. They specifically rejected one of the appellate courts. Um, doctrines that a plain air, uh, is a quote error that is so clear cut so obvious. A competent district court should be able to avoid it without the benefit of the objection. That's the standard that they rejected because that's not the correct way to look at it. We don't expect district courts to be clairvoyant. That's that's not the point. The question isn't were they right or wrong at the time. At the time, the district court decided it's not from their perspective. It's been this reserve the remaining time I have for rebuttal. If there are no immediate questions, yeah, yeah. May I please the court and then discuss why any air was not playing another second prom to be sure. A guidelines calculation error may impact the defendant's substantial rights in the usual case where the guidelines provide the starting point for the sentence. But this is not the usual case. Here. The district court's starting point was the mandatory minimum. The court declined the mandatory minimum because of the need for deterrence, not the sentencing guidelines on. That's in volume four on page 32, where the district court talks about how after the last sentence of 60 months didn't work. Seems to me that the 60 month sentence would be a mistake. I don't disagree that the court talked about how the guidelines are a factor, and they are. The court has to consider the guidelines. But that doesn't mean that this particular sentence was tethered to the guidelines, and that's the key here. Put another way, the defendant asked the district court to put aside the guidelines because under the PSR, his guidelines range was much higher than the mandatory minimum. So the defendant asked the court to impose a non guideline sentence and use that as its lodestar instead of the sentencing guidelines. And while the district court did not give the defendant the exact sentence he asked for, it did do so, or it did oblige defendant to the extent that it didn't tether its conclusion to that higher guidelines range. So in this case, even this court need not untangle whether there's error or plain air, because in this case, defendant substantial rights just weren't impinged. Now, turning to that second prong of plain air, Mr. Fifield's obviousness analysis is only a legal one. Whether the district court misapplied for a 1.282 based on current law. But that argument rests on a factual conclusion that the defendant was not custodially arrested. And that's a fact that the district court did not know. In Tennessee, this court explained that the record before the district court is the pertinent one for purposes of this prong of plain air. And while I didn't find any cases in this circuit that have sort of analyzed the relationship between factual errors, plain air and judicial notice, the two cases that I cited in my brief, the Saron case and the Palomero case talked about, well, judicial notice doesn't really matter because the obviousness question turns on the record that was before the district court. So I think in the Palomero case, the Ninth Circuit said, this is really the judicial notice question is a moot point at most because the record wasn't before the district court to have made this legal conclusion, which is what I think what your opponent is arguing is that it was before the district court that this was an arrest or two arrests for failure to provide proof of insurance. And knowing that fact, it should have been plain to the district court that there was no intervening arrest. I think that's the argument. Certainly, Your Honor. I don't think that is supported in the PSR. I disagree that with opposing counsel that the PSR didn't, as a factual matter, state that the defendant was arrested. Again, there's a date of arrest, the conviction, and there's a date in that column saying that the arrest was on that date implies that the arrest occurred. And more broadly, opposing counsel doesn't cite any case or any statute that would have precluded an officer from arresting in this scenario. And I'm happy to file a 28 J letter. But under Colorado law, this officer may file when any crime is being committed if there's probable cause. So I don't think that the PSR on its face would have triggered this wildly implausible conclusion that the district court should have been on Really, for the obviousness question, there is two components of it, right? The first is factual. What did the district court know at the time? And again, that's where we focus on that sentencing record. So judicial notice is really beside the point. And the second portion is the legal analysis, whether the error in the application of 4A1.2A2 was obvious based on the law. So I do want to talk about that legal analysis for a moment. Again, this court has not weighed in on the meaning of 4A1.2, nor has the US Supreme Court. The defendant's reading, while plausible, isn't compelled. And I think the Ruiz-Ghia case cited in my brief talks about how a plausible reading in the absence of 10th Circuit or Supreme Court precedent is just not enough to get you to plain error. And I think that those circumstances certainly apply in this scenario. And I've also uncovered no 10th Circuit case finding a consensus for purposes of the second prong of plain error, where a few circuits adopt one position, and one or a couple others, a smaller number, adopt a different position. So I guess I don't know if I don't agree with opposing counsel that there was a consensus in this circumstance of opposing or of other sister circuits aligning on the meaning because I haven't found a case that found a consensus under these facts in the circuit. I think that defendant's cases, the Hidley case, McCarr, and Wolfname, those cases really have key differences that this court should put those aside. They don't support the legal obviousness in this case. Are those categorical sentence cases? They're not, Your Honor. But for two of them, a Hidley and Wolfname, a 10th Circuit case had established a rule previously. So it's not the circumstance whereas like in this case, there is no 10th Circuit case law on this question. So I don't think a Hidley and Wolfname are helpful in that way. And then the McCarr case, I don't think that this case is super helpful in this regard, because the government had expressly disavowed the reasoning involved in that case. And that sort of went into the obviousness of the error in that regard. So, again, defendant's reading of arrest, of course, it's plausible, but it doesn't mean that it's compelled. And I think that considering the purposes of the guidelines to capture culpability and to put an accurate number on that criminal history category, I don't think that discounting citations and summonses necessarily furthers that conclusion. After all, a police officer may opt not to arrest someone for reasons that have nothing to do with culpability. For instance, if they're called out on another call, if there's a shooting or something more serious or extenuating. So I don't think that the purposes of the guidelines are furthered in that regard. And I think that that just adds more uncertainty. And that pertains to the second prong of plain error. Again, while this court hasn't really I haven't found any cases sort of stern of Gonzales case that I filed in a 28 J letter last week, again reiterates this point that when we're talking about these fact based claims, which this case is, the record before the sentencing court is really important or the district court, however, it may be. And in this case, the district court saw in the PSR, that the defendant, there was a date of arrest. And there was a date  was arrested. In this circumstance, it just wasn't obvious or clear for the court to intercede and question that record, especially the fact that under 10th Circuit law, this question isn't clear. If I can answer any further questions from the court, I'd encourage this court to affirm. Thank you. We still have some rebuttal time. Thank you, Your Honor. First, the government says that, you know, tons of Supreme Court precedent says that the guidelines are the lodestar, the beginning point of every sentencing decision. And the government has just now said that, well, that's not true. When the parties agreed to a different sentence, all of a sudden that that that agreement, but among the parties here, because your, your initial issue is the court erred in computing the sentence. And so we then are in the world of sentencing guidelines. And the range there was 92 to 115 months. And that is not where the district court started, or the party started for that matter. But as a matter of law and procedure, and Supreme Court has made this so clear that the guideline range has to be the starting point of every sentencing decision. And then a court is permitted to vary from the guideline range based on the 3553 a factors, there's no, there's no rule that says that, well, the guidelines don't matter when there's an agreed upon sentence in the plea agreement, then we forget the guidelines, and we start now with the with the agreed upon. So let me ask you that question another way, it wouldn't it be a better case for you if the court sentenced your client for a term within that range, because you are challenging the computation of that range? Yes, Your Honor, but the presumption of this court's precedent is clear that presumption that there's a guideline, the third prong presumption still applies even when the ultimate sentence is not within the guideline range. And I see that I'm out of time and ask this court to remain for resentencing instructions that Mr. Feigl's criminal history category is five. Thank you. Thank you, counsel. Thank you both for your arguments. The case is submitted.